IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARK EDWIN LAYFIELD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO.  1:06cv861-MHT |
| | ) |
| MICHAEL D. RODGERS, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

On September 26, 2006, *pro se* plaintiff Mark Edwin Layfield filed this action against defendants United States Representative Michael D. Rodgers and Jerry Burgess. Rather than interpret what the plaintiff states in his complaint, the court will quote it.

> Rogers (sic) violated the Civil Rights of Mark Edwin Layfield, as described in the offense report # Anniston Police Department and conspired to deny equal time in news media and public buildings.  For the reason that such acts are (1) high crimes and misdemenors (sic) arising out of (2) derriliction (sic) of duty to the people, (3) irresponsibility in his job and treason to America we the undersigned 1,066 people of Alabama's Third Congressional District represented by Mark Edwin Layfield, our Independent Nominee for Congress, in the Tuesday, 7 November 06 General Election, hereby call for and for these reasons, demand (1) resignation from office of U.S. Representative Rogers (sic), (2) his withdrawal as a Candidate for reelection and (3) his inditement (sic) by a Federal Grand Jury.

(Compl. at 1) (emphasis in original).

Because federal courts are courts of limited jurisdiction, it is a basic premise of federal court practice that the court must have jurisdiction over the subject matter of the action before it can act. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994);

*Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In addition, FED R. CIV. P. 12(h)(3) requires that "[w]herever it appears . . . that the court lacks jurisdiction, the court shall dismiss the action." This court operates under an independent obligation to examine its own jurisdiction continues at each stage of the proceedings, even if no party raises the jurisdictional issues and both parties are prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990). "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings." *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 3522 (1975).

It does not appear from a review of the complaint that the plaintiff presents a federal question to invoke this court's federal question jurisdiction. *See* 28 U.S.C. § 1331. In addition, it does not appear that the amount on controversy exceeds $75,000 and the defendants are from Alabama. Consequently, there does not appear to be diversity jurisdiction. *See* 28 U.S.C. § 1332.

Finally, the plaintiff's allegations contain no specific harm; the complaint appears to challenge generalized governmental actions. The plaintiff does not have standing to challenge generalized actions of the government. On the face of the complaint, it does not appear that this court has jurisdiction over this matter. Accordingly, it is

2

ORDERED that on or before October 31, 2006, the plaintiff shall show cause why this case should not be dismissed for lack of subject matter jurisdiction. **The plaintiff is advised that if he fails to respond to respond to this order with specificity, the court will treat his failure to respond as an abandonment of the claims set forth in the complaint. The plaintiff is further cautioned that if he fails to file a response in accordance with the directives of this order, the court will recommend that this case be dismissed.**

Done this 18th day of October, 2006.

                          /s/Charles S. Coody
                          CHARLES S. COODY
                          CHIEF UNITED STATES MAGISTRATE JUDGE